IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM MARTIN ENGLISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-038 |
| | ) | |
| ANDREW SAUL, Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

William Martin English appeals the decision of the Commissioner of Social Security denying his application for Period of Disability and Disability Insurance Benefits ("DIB"). Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**.

## I.    BACKGROUND

Plaintiff applied for DIB on September 15, 2015, alleging a disability onset date of March 1, 2015.  Tr. ("R."), pp. 161-167.  Plaintiff satisfied the insured status requirements through December 31, 2020.  R. 211.  Plaintiff was sixty years old on his alleged disability onset date and sixty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration.  R. 12, 161.  Plaintiff alleged disability based on the following conditions: thoracic and lumbar back problems with bilateral sciatica, lumbar vertebral fracture,

radiculopathy of both arms due to neck injury, left elbow injury surgery, neck injury and subsequent surgery for fusion (C5, C6, C7), radiculopathy of both legs, bilateral hearing loss, tinnitus, sinusitis, hypertension, high cholesterol, allergies, depression, anxiety, poor concentration and memory issues, slurred speech, and right eye cataract.  R. 198, 214.  Plaintiff graduated from high school and completed three years of college, and prior to his alleged disability, Plaintiff accrued a work history as an IT manager.  R. 199.

The Social Security Administration denied Plaintiff's application initially and on reconsideration.  R. 93, 103.  Plaintiff requested a hearing before an ALJ, R. 109, and the ALJ held a hearing on January 11, 2018.  R. 32.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as Aaron Brown, a Vocational Expert.  Id.  On April 11, 2018, the ALJ issued an unfavorable decision.  R. 12.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since March 1, 2015, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments:  Lumbar Spine Degenerative Disc Disease (DDD) and Compression Fracture of L-1 with Radiculopathy; Thoracic Spine DDD; Hearing Loss (8F18); Status Post Anterior Cervical Discectomy and Fusion (ACDF) with Cervical Spine Stenosis; and Obesity.  (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] except that the claimant can

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very

frequently climb ramps and stairs, occasionally climb ladders, ropes and scaffolds, frequently balance, stoop, and crawl.  The claimant can frequently reach in all directions including overhead as well with his bilateral upper extremities, and can frequently finger and handle with his bilateral upper extremities. The claimant can occasionally be exposed to extreme cold, vibration, hazards such as unprotected heights and moving machinery; and must work in a quiet noise environment as defined by the SCO.

R. 17-23.

Because the ALJ determined Plaintiff could perform his past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from March 1, 2015, through the date of the decision, April 11, 2018.  R. 23.  When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to:  (1) apply the slight abnormality test or cite substantial evidence when determining Plaintiff's mental history of depression and anxiety did not rise to the level of a severe impairment; (2) consider the effect of Plaintiff's obesity on his ability to work, including its impact on the standing and walking required for light work;  (3) consider how the side effects of Plaintiff's medication affected his ability to work; (4) properly evaluate Plaintiff's testimony

---

little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

concerning the extent of his symptoms and their impact on his ability to work; and (5) cite substantial evidence in support of the RFC finding that Plaintiff could perform light work. <u>See</u> doc. nos. 18 ("Pl.'s Br."), 20 ("Pl.'s Reply"). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. <u>See</u> doc. no. 19 ("Comm'r's Br.").

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005); <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. <u>Barron v. Sullivan</u>, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting <u>Bloodsworth</u>, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. <u>Crawford v. Comm'r</u>

of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to:  (1) apply the slight abnormality test or cite substantial evidence when determining Plaintiff's mental history of depression and anxiety did not rise to the level of a severe impairment; (2) consider the effect of Plaintiff's obesity on his ability to work, including its impact on the standing and walking required for light work;  (3) consider how the side effects of Plaintiff's medication affected his ability to work; (4) properly evaluate Plaintiff's testimony concerning the extent of his symptoms and their impact on his ability to work; and (5) cite substantial evidence in support of the RFC finding that Plaintiff could perform light work.  See Pl.'s Br., Pl.'s Reply.  The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed.  See Comm'r's Br.  As explained below, none of Plaintiff's arguments form a valid basis for reversal or remand.

**A.      The ALJ Properly Evaluated Plaintiff's Depression and Anxiety**

Plaintiff's argument the ALJ erred at step two in finding his depression and anxiety to be non-severe is irrelevant because the ALJ carefully considered any limitations imposed by Plaintiff's depression and anxiety when determining his RFC at step four.  See Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010) (*per curiam*) (finding no error at step two where ALJ did not identify chronic back pain as severe impairment because ALJ considered all impairments in combination during remaining steps of sequential process).  Nor did the ALJ err at step four because substantial evidence supports the ALJ's determination Plaintiff's anxiety and depression did not significantly affect Plaintiff's ability to perform light work, including prior relevant work as an IT manager.

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments."  Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional

6

and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (per curiam) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining whether a claimant can return to his past relevant work, the ALJ must consider "all the relevant medical and other evidence."  Phillips, 357 F.3d at 1238.

Substantial evidence supports the ALJ's findings at step four regarding Plaintiff's depression and anxiety.  Indeed, the ALJ gave significant weight to the opinion of Dr. J. McWilliams, Ph.D., a state agency consultant who conducted an RFC mental assessment and rated Plaintiff's mental limitations no greater than mild.  R. 22; see SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996)[2] ("Findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a non-examining source at the administrative law judge and Appeals Council levels of administrative review.").  Dr. McWilliams determined Plaintiff's allegations of depression, poor concentration, and memory were not supported by the medical evidence.  R. 86.

When giving significant weight to Dr. McWilliams' opinion, the ALJ found it to be consistent with the medical evidence.  R. 22.  Parsing the medical record, the ALJ found that, while Plaintiff suffered from anxiety before the onset date of March 1, 2015, all symptoms had subsided as his retirement date approached, when Plaintiff explained to his physician that anxiety medication would no longer be necessary in light of his retirement.  R. 18.  Plaintiff began reporting depression and anxiety fifteen months later in July 2016, and at that time he alleged these conditions started one year earlier even though Plaintiff sought no treatment

---

[2]SSR 96-6p was rescinded effective March 27, 2017; however, it still applies to claims filed before that date.  See 82 FR 15263-02 (March 27, 2017).

during that year.  R. 18-19.  The ALJ explained that, from this first reporting of depression and anxiety in July 2016, Plaintiff reported improvement due to medication by October 2016, continued improvement by March 2017 because of an adjustment in his medication, and no more depression or sadness by September 2017.  Id.  Based on these facts gleaned from the medical record, the ALJ found Plaintiff suffered from depression and anxiety for only a short period of time, his life activities of shopping and group socialization during the time of his depression and anxiety proved the impairments were mild, and the record was devoid of any evidence suggesting severe impairment such as ideations or hospitalizations.  R. 20.  The evidence cited by the ALJ is substantial and adequate to support his findings.

Plaintiff bears the burden of proving he has limitations stemming from his mental impairments.  Santos v. Soc. Sec. Admin., Comm'r, 731 F. App'x 848, 853 (11th Cir. 2018) (per curiam) (citations omitted).  Plaintiff cites to no evidence of record undermining the ALJ's RFC conclusion as it relates to his mental impairments.  Plaintiff argues the ALJ did not properly evaluate his RFC because she failed to complete the Psychiatric Review Technique Form ("PRTF") or incorporate its mode of analysis into her findings and conclusions.  Pl.'s Br., pp. 10-11.  The ALJ incorporated the PRTF's mode of analysis into her findings and conclusions when she determined, as explained above, the medical evidence did not support a finding Plaintiff's mental limitations were greater than mild.  R. 20.  It is evident from the ALJ's analysis she considered Plaintiff's mental condition as a whole in determining his RFC.  Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) ("'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.").

Plaintiff maintains his symptoms fluctuated and argues there is an important distinction between feeling better and being relieved of depression and anxiety.  Pl.'s Reply, p. 2.  In support of this argument, Plaintiff cites Stricklin v. Astrue, 493 F. Supp. 2d 1191, 1197 (N.D. Ala. 2007), for the proposition that although Plaintiff takes medication to relieve his symptoms, it does not follow his symptoms are reduced to the point where he can maintain full time employment.  Pl.'s Reply, pp. 2-3.  Stricklin is inapposite.  In Stricklin, the plaintiff's treating physicians and specialists recommended the plaintiff stop working due to his disease process and sensory deficit in his limbs.  Stricklin, 493 F. Supp. 2d at 1196.  Here, Plaintiff can point to no medical evidence to support his contention his mental conditions prevent him from working.

Therefore, contrary to Plaintiff's argument, the ALJ was not required to include Plaintiff's mild limitations in his RFC because "specific functional limitations stemming from mental impairments are only required to be incorporated into an RFC when the evidence of record supports such a finding."  McGuire v. Berryhill, No. 5:17-CV-70, 2018 WL 4126571, at *7 (S.D. Ga. Aug. 29, 2018), adopted by McGuire v. Berryhill, No. 5:17-CV-70, 2018 WL 4688728 (S.D. Ga. Sept. 28, 2018); see also Nickles v. Comm'r of Soc. Sec., No. 8:13-CV-395-DNF, 2014 WL 4185342, at *7–8 (M.D. Fla. Aug. 22, 2014) (explaining because ALJ found plaintiff's mental impairments had no more than minimal effect on functional abilities, and ALJ expressly addressed plaintiff's non-severe mental impairments in his RFC assessment, substantial evidence supported ALJ's evaluation of plaintiff's mental limitations).

Accordingly, the ALJ did not err in her evaluation and findings concerning Plaintiff's depression and anxiety.

**B.      The ALJ Did Not Err in Evaluating Plaintiff's Obesity**

Plaintiff argues the ALJ failed to properly evaluate the effect of Plaintiff's obesity on his ability to work.  Pl.'s Br., p. 14.  As explained in SSR 02-1p, obesity is no longer a listed impairment, but it is still a medically determinable impairment to be considered when evaluating disability.  SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002).  SSR 02-1p also recognizes, "Obesity is a risk factor that increases an individual's chances of developing impairments in most body systems.  It commonly leads to, and often complicates, chronic diseases of the cardiovascular, respiratory, and musculoskeletal body system."  Id. at *3.  An ALJ should assess the effect that obesity has on exertional and postural functions, as well as "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment."  Id. at *6.

However, a mere diagnosis of obesity does not equate with a finding of disability.  That is, disability hinges on the functional limitations attendant to diagnoses that would prevent an individual from working, not the mere existence of an impairment.  See Moore, 405 F.3d at 1213 n.6 ("[T]he mere existence of these impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard."); see also Lewis v. Comm'r Soc. Sec., 487 F. App'x 481, 483 (11th Cir. 2012) (per curiam); Wind v. Barnhart, 133 F. App'x 684, 690-91 (11th Cir. 2005) (per curiam); 20 C.F.R. § 416.920(e)-(f).  Rather, the record must contain evidence demonstrating that Plaintiff's obesity affected his ability to perform his past relevant work.  Plaintiff bears the burden of proving his obesity results in functional limitations.  See 20 C.F.R. § 404.1512(a) & (c).

The National Institutes of Health Clinical Guidelines describe a Body Mass Index

(BMI) above 30.0 as "obesity." SSR 02-1p at *2. Plaintiff had a reported BMI of at least 33 since his disability onset date. R. 79, 406, 846, 983. Plaintiff did not list obesity as a condition contributing to his physical limitations in his application for disability nor did he raise obesity as an issue at his administrative hearing before the ALJ in January of 2018. R. 32, 198, 214. In fact, after discussing a number of impairments, the ALJ asked Plaintiff if there was anything else preventing him from working. R. 57. Plaintiff responded in the negative. Id. Nevertheless, Plaintiff now urges the Court to remand the case to the ALJ for consideration of his obesity on his ability to work. Pl.'s Br., p. 14.

At step two, the ALJ determined Plaintiff's obesity was a severe impairment, and at step four, the ALJ imposed exertional, postural, and environmental limitations based on Plaintiff's obesity. R. 18, 23. Substantial evidence supports the ALJ's finding Plaintiff could perform light work despite being obese. Indeed, while Plaintiff's weight is documented throughout the record, no physician attributed any particular limitation to Plaintiff due to his obesity. The ALJ thus construed the medical record in Plaintiff's favor by imposing RFC limitations in part due to his obesity. The Eleventh Circuit and other district courts within this circuit have found an ALJ did not commit reversible error in similar circumstances.[3]

---

[3] See, e.g., Castel v. Comm'r of Soc. Sec., 355 F. App'x 260 (11th Cir. 2009) (finding no error where medical evidence did not support specific functional limitations attributable to obesity); Gary v. Astrue, No. 1:08-CV-411, 2009 WL 3063318, at *2–3 (M.D. Ala. Sept. 22, 2009) (explaining failure to mention obesity or explain conclusion as to whether obesity caused any physical or mental limitations did not provide basis for relief where claimant identified no evidence in record obesity caused significant limitations on her ability to work); Vickers v. Astrue, No. 3:08-CV-78, 2009 WL 722273, at *14 (N.D. Fla. Mar. 18, 2009) (explaining remand for failure to mention obesity was not required where claimant did not show how obesity impacted ability to work); Ingram v. Astrue, No. 8:07-CV-1591, 2008 WL 2943287, at *6 (M.D. Fla. July 30, 2008) (finding even though claimant's weight was noted repeatedly throughout the record, ALJ's failure to mention obesity or address it in accordance with SSR 02–1p did not constitute grounds for reversal where no evidence suggested RFC affected by obesity).

For all of these reasons, the ALJ carefully considered Plaintiff's obesity at steps two and four and committed no error when fashioning an RFC that accounted for Plaintiff's obesity.

C.    **The ALJ Properly Considered the Side Effects of Plaintiff's Medication, Including His Subjective Complaints**

Plaintiff argues the ALJ erred by not properly considering the side effects of his medication in accordance with SSR 16-3p.  Pl.'s Br., pp. 11-14, 19-20.  The Court agrees with the Commissioner that the ALJ properly rejected Plaintiff's subjective complaints in light of the objective medical evidence and record.

1.    **The Standard for Evaluating Subjective Complaints**

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction.  Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of

disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).  However, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.  See SSR 96-5p; see also 20 C.F.R. § 404.1527(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts."  Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms.  We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016).

Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[4]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Dyer, 395 F.3d at 1210-11 (internal quotation marks and citations omitted).  As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's side effects of his medication and medically determinable impairments could possibly cause the alleged symptoms, but his subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the record.

### 2.      The ALJ Properly Considered the Side Effects of Plaintiff's Medication

In the Eleventh Circuit, "under certain circumstances, an ALJ's duty to develop a full record can include investigating the side effects of medications."  Walker v. Comm'r of Soc. Sec., 404 F. App'x 362, 366 (11th Cir. 2010) (citing Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981)); see also Lacy v. Barnhart, 309 F. Supp.2d 1345, 1352 (N.D. Ala. 2004) (reversing denial of benefits where, inter alia, ALJ "failed to consider the effects of the side effects of plaintiff's medication").  As the Eleventh Circuit has explained, "[i]t is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability."  Cowart, 662 F.2d at 737.  However, the burden is on a claimant to prove he is disabled, and he must introduce evidence supporting a claim that his alleged symptoms, including medicinal side effects, make him unable to work.  Walker, 404 F. App'x at 366 (citing Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)).

Plaintiff has not met his burden of introducing evidence to show the alleged side effects of medication render him disabled or materially impact his ability to perform light work.  Plaintiff testified his medications make him drowsy and less focused, such that he would get sidetracked and forget what he was doing and could not "keep up mentally with the deadline requirements of his job."  R. 21, 52.  Despite these problems, in retirement Plaintiff likes to read

and does so without difficulty except drowsiness.  R. 60.  This testimony does not provide sufficient specificity to support a finding of disability.  Indeed, if general drowsiness and lack of focus were sufficient side effects to render employees disabled, anyone taking prescription medication would qualify for disability benefits based on nothing more than a vague allegation of drowsiness and lack of focus.  Plaintiff did not carry his burden by providing specific information regarding the degree and frequency of drowsiness and inattentiveness, or any other details that would have been useful for determining whether the side effects actually interfered with his work duties to a degree that impacted the RFC.

Furthermore, Plaintiff's contention the ALJ failed to consider his side effects is unfounded.  The ALJ expressly acknowledged Plaintiff's reported issues with side effects, including Plaintiff's testimony.  R. 19, 21.  Furthermore, as described in § III.A supra, Dr. McWilliams, whose opinion was given significant weight and is not challenged, found Plaintiff's allegations of problems with concentration and memory to be unsupported by the medical evidence.  R. 86.  The ALJ did not err in assessing Plaintiff's alleged side effects and agreeing with Dr. McWilliams that Plaintiff's description of those side effects was inconsistent with the objective medical evidence and did not merit accommodation in the RFC.

Contrary to Plaintiff's argument, the ALJ was not required to specifically address every medical side effect alleged by Plaintiff so long as it is clear from the record she considered them as a whole.  Adams v. Comm'r of Soc. Sec., 586 F. App'x 531, 533 (11th Cir 2014) (per curiam) (citing Dyer, 395 F.3d at 1211). The ALJ explained she considered all of Plaintiff's symptoms based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p, and determined they were not entirely consistent with the medical evidence and other evidence in the record.  R. 21; see Robinson v. Comm'r of Soc. Sec., 649 F. App'x 799, 802 (11th Cir. 2016) (per curiam)

15

(finding ALJ, who did not mention medication side effects, adequately considered side effects in part because of statement she considered all of plaintiff's symptoms based on requirements of 20 C.F.R. § 404.1529 and SSR 16-3p's predecessor); Walker v. Comm'r of Soc. Sec., 404 F. App'x 362, 367 (11th Cir. 2010) (*per curiam*) (holding ALJ's overall credibility finding encompassed claimant's alleged medication side effects).

> **3.**   **The ALJ Did Not Err in Assessing Plaintiff's Testimony Concerning the Extent of His Symptoms and Resulting Impact on His Ability to Work**

Citing SSR 16-3p, Plaintiff asserts the ALJ made a conclusory finding that Plaintiff's statements about his back pain were not supported by the record evidence rather than providing specific reasons for rejecting Plaintiff's statements, backed by citations to the record.  Pl.'s Br., pp. 19-20; Pl.'s Reply, p. 3.   The Court disagrees.   The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence based on the success of Plaintiff's medical treatment.  R. 21.  In support, the ALJ relied on medical evidence that Plaintiff's pain was well-managed with bi-monthly epidural injections and a TENS unit.  Id.  Indeed, medical records from 2016 confirm Plaintiff was pleased with the results of his epidural injections, which allowed him to participate in more activity with no need for narcotic pain medication.  R. 847.  The ALJ also cited medical evidence that Plaintiff did not use an ambulatory device, and his gait was not significantly abnormal.  R. 22.

In the Eleventh Circuit, "[a] medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."  Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (citations omitted); Duval v. Comm'r of Soc. Sec., 628 F. App'x 703, 709-11 (11th Cir. 2015) (*per curiam*) (affirming ALJ's reliance on medication controlling claimant's

symptoms as basis for discounting both physician opinion and claimant's subjective complaints).

Minimal or no treatment for an alleged disabling condition may be validly considered by an ALJ

in discrediting a claimant's subjective complaints.  Castle v. Colvin, 557 F. App'x 849, 853 (11th

Cir. 2014); Gamble v. Colvin, No. 5:13-CV-01959-SLB, 2015 WL 2095064, at *6 (N.D. Ala.

May 5, 2015).  Moreover, an ALJ may consider the level of treatment sought when considering

subjective complaints and may draw an adverse inference so long as any explanation for failure

to seek treatment is considered.  Jarrell, 433 F. App'x at 814; Brown v. Comm'r of Soc. Sec.,

425 F. App'x 813, 817 (11th Cir. 2011) (*per curiam*).

Plaintiff's attempt to interpret the facts differently than the ALJ by pointing to select facts

favoring his view of disability provides no basis for this Court to reverse or remand.  This

Court's job is not to review the administrative record *de novo*, but rather is to review the record

for substantial evidence to support the Commissioner's factual findings, and if so found, uphold

the Commissioner even if the evidence preponderates in favor of the claimant.  See Crawford,

363 F.3d at 1158-59.  That a different result is *possible*, does not mean the Commissioner's

decision must be reversed.  The ALJ's decision makes clear she adequately considered the record

as a whole, including Plaintiff's subjective complaints, when determining his RFC.  The ALJ

acknowledged Plaintiff's subjective complaints, but after an extensive review of the record,

determined the complaints were not credible at the level of intensity claimed or with limiting

effects that would preclude him from performing light work with the extensive list of

limitations in the RFC.  Thus, the ALJ properly considered the side effects of Plaintiff's

medication and his subjective complaints.

### D. The ALJ's RFC Determination Is Supported by Substantial Evidence

Plaintiff argues the ALJ's RFC of light work is not supported by substantial evidence. Pl.'s Br., p. 16.  In opposition, the Commissioner argues the ALJ's RFC determination is based on the objective medical record showing significant pain relief.  Comm'r's Br., p. 9. Relying on substantial medical evidence of Plaintiff's successful treatment for back pain, the ALJ properly found Plaintiff could perform light work and "[g]reater impairment is not warranted as although the claimant has objective medical signs, he has also obtained treatment that appears to provide good pain relief."  R. 22.  In addition to the medical evidence of Plaintiff's successful treatment, the ALJ gave significant weight to the opinion of state agency consultant Dr. Riaz, who determined Plaintiff could perform light work and return to his past relevant work as an IT Manager.  R. 90.  Aside from his own testimony, Plaintiff has cited no record evidence to support a finding he cannot perform light work.  In sum, Plaintiff has not met his "very heavy burden . . . to show an inability to perform past relevant work." Hutchinson v. Astrue, 408 F. App'x 324, 327 (11th Cir. 2011) (per curiam) (citing Moore, 405 F.3d at 1211).  The ALJ's assessment of Plaintiff's RFC and ability to return to past relevant work as an IT manager is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final

judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 11th day of May, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA